The next case is number 221380, United States v. Jane Carbone. At this time, would counsel for the appellant please introduce herself on the record to begin. May it please the Court, Zanabu Ramallah on behalf of the appellant Jane Carbone. I'd like to reserve two minutes for rebuttal. You may. The trial court admitted evidence in this case. Despite the fact that defense counsel was not afforded a reasonable amount of time to prepare for the cross-examination of government witnesses, and those witnesses either showed signs of incompetency or provided irrelevant testimony. And these errors were not harmless, because the trial court's ruling severely impinged on counsel's ability to execute a defense by challenging the credibility of the government's witnesses. And the court's rulings also resulted in the jury considering unreliable evidence. Therefore, the appellant Jane Carbone is entitled to a new trial. You mentioned there was not enough time. I believe the court extended 10 more days, correct? Yes, that's correct. What would have been the appropriate time, 15 days, 12 days, 20 days? I think the appropriate time would be exactly what defense counsel asked for, which was 6 days. And she wasn't asking for much. I think some context is appropriate here. I mean, even though there were 10 days given after the deposition was set for June 24th, counsel was asking for the deposition to be set for June 30th. And we have to remember that at this point in time, there was only one defense attorney on the case. That single defense attorney was going to be out of the country for 6 days without access to reliable technology, and the court was aware of that. And if you only have one defense attorney who's able to prepare for the cross-examination, and it's a cross-examination of a key witness. Kerr, the uncle, was not a marginal witness. He was the only one who could testify that he did not give authorization to Carbone to withdraw the money. So we have to think that the preparation that would be needed to prepare for the deposition of Kerr would be akin to the preparation needed for cross-examination at trial. And that is a large undertaking. Let me ask you this. From the outset, it was clear that Kerr was going to be the primary complaint witness in the case. Yes. And my assumption is that in the course of discovery, information about what Mr. Kerr was going to say must have been turned over to the defendant, your client. And so you had that information months in advance and going into a possible deposition. What is it? I mean, I'm trying to figure out, given that history, what was the prejudice? And what more would you have done? Because it's not clear to me what more would have been needed to have been ascertained in order to do a deposition of a witness that was known well in advance. I think what could have been ascertained would have been impeachment evidence. So, yes, counsel was aware. What do you mean by that? So counsel ultimately did discover that there were allegations of prior sexual abuse committed by Kerr. Well, that was known prior to. Wasn't it? Because her whole point was that he had asked her to remove the money from the accounts because of this civil pending lawsuit about allegations at the Y. Right. So there's two instances of sexual abuse. There were the allegations at the Y, which actually resulted in litigation in a civil lawsuit in 2016. And there were also prior allegations of sexual abuse, allegations that Kerr himself had actually abused kids. And I think it would be important for. Why couldn't that have been determined ahead of time or explored ahead of time? Given the familiarity with what was alleged happening at the Y, what prevented her from doing further exploration? I think it could have been very possible that counsel could have found out if she had received those additional six days. I think when counsel is asking the court for a certain amount of time and the court says you cannot have that time, counsel has to make some strategic decisions about what she has to focus on. And I think naturally you're going to focus on what do I need to cross-examine him, add to the elements of the offense. If you have more time, then you can expand your scope into possibly impeachment evidence. So I think it's reasonable to believe that if counsel had received those additional six days, she would have expanded her scope and been able to address these prior allegations of sexual abuse. Well, why is this an abuse of discretion? Because technically the judge could have given three days to prepare. You know, you're asking for more days. But what if the judge only gave three, four days to prepare? Would still that have been an abuse of discretion? Because when trials are ongoing, and as Judge Thompson said, there was time, it was foreseeable this was all going to come up. Why is it an abuse of discretion? I mean, the rule doesn't give a particular amount of time, right? It's just what is reasonable. I think it's an abuse of discretion because you have to look at Kerr's role in the trial. Again, he was the main witness. He was the only one who could testify that he did not give Carbone permission to withdraw the funds. Carbone herself testified that he did give her permission. It really was a he said, she said. So it was important for counsel to have a full and fair opportunity to cross-examine. But wasn't that also being balanced against the concern about the declining state of care? Yes. So the judge is sort of doing what trial judges do with their discretion. They heard from one side and they heard from the other side, and they said, maybe we'll just do it right down the middle. And then you're saying that's unreasonable. Yeah, and I think that at least the trial judge here, he emphasized that discretion initially, right? The government initially gave five days notice, and the court was like, that's not enough. Again, defense counsel below was only asking for six additional days. The question is, was there arbitrary, unreasonable behavior on the part of the district court? Somewhat hard to see here when there is a competing concern about timeliness because of the declining state of the witness. Yeah, I think it was. And a request for extension, which is granted in part, but not all the way, after hearing from the other side about the risks of letting it go too long. And then we're pretty far for groove at the appellate court. And so if we're looking just to say, does it seem like a judgment call, and the district court did their best to make it well, it's hard to see why that would be arbitrary. Well, it was an erroneous judgment call. I mean, of course there's a balancing. You have to balance the government's need to preserve testimony. You also have to balance a defendant's right for cross-examination. We can't just ignore the Sixth Amendment because we're concerned that a witness Just to address the competency, what you say was an error in not doing the inquiry into competency. Yes. So there were a couple of indicators that carried. I guess maybe I'll just set up because you don't have that much time left. But you cite this D.C. Circuit. I'm sorry, say it again. You cite a D.C. Circuit case. Yes. But that D.C. Circuit case precedes the change in the rule. So what's the authority post that change in the rule for the notion that there was an obligation to do the inquiry into competency? When you read 601 and even 602, it's just not evident to me where that obligation comes from. So the D.C. Circuit was before Rule 601 that you're referring to, Judge Barron. But the case you're referring to is Crosby. It was also cited after the change in the rule. So Circuit Courts of Appeal continue to cite Crosby as a standard for when a competency hearing should be triggered. And we don't have to show that Kerr was actually incompetent. We're just showing that there was enough here in the record. Can I finish this particular part? There was enough here in the record to warrant a competency hearing. For one, he had issues with recall at his deposition. And then you have this medical affidavit from his own doctor saying in June he had a cognitive decline. And we could reasonably infer that cognitive decline started before June because she became his doctor in June. There was testimony that was presented at trial which could have been investigated had the hearing been granted, where people who interacted with Kerr even years before his deposition said that he showed signs of dementia. So there was enough here just to trigger the inquiry, particularly again for a very important witness in the government's case, for the trial court to grant the hearing to at least just ensure that Kerr's testimony was reliable. Thank you, counsel. At this time, if counsel for the appellee would please introduce himself on the record to begin. Chief Judge Barron, and may it please the court, Mark Quinlivan again on behalf of the United States. Let me begin with the last point about competency because it is Rule 601 that governs in this case. And the advisory committee notes make clear that that rule is to be broadly construed, that there are no mental limitations set forth, and that the issue of competency is one that's peculiarly suited for the jury to determine in terms of weight and credibility. And that's exactly what this court said. I'm just confused with the terminology. So competency, we've said competency is for the judge. Yes. You just said competency is peculiarly for the jury. Well, because I think the determination certainly is for the judge. And under Rule 601, what the case law says is that as a general matter, absent some showing that the person is entirely unable to provide reliable information, issues of competency go to the jury. That's exactly what this court said in the Heisman case. Well, issues of competency go to credibility, which goes to the jury. Which goes to the jury. But what about that threshold stuff? That's what I'm having trouble understanding. Absolutely. And so in this case, the district court had Mr. Kerr's deposition in front of him when he made the ruling that it was admissible. But is that enough given the other evidence in the record of instability? Yes, it is enough. And there's two points on that. One, the base of the deposition transcript itself shows that he was able to provide, that he was able to answer questions and provide reliable information in many numbers. How could you tell from the face of it? I mean, just imagine the circumstance. I have two documents, the answers to the questions, which are conflicting. And then a second document from his treating physician, who says he has no idea what he's talking about. Now, if I have those two documents, can the judge just admit the deposition? I think if... Just take that hypothetical. I mean, that would be an interesting question. Well, it's such a good question I've asked it. What's the answer to it? In such a situation, I think the judge would have to go back to look at the deposition transcript and balance those two conclusions. Okay. And so they're doing it. And what it shows is conflicting answers. And then the treating physician's document saying this person does not know what they are talking about. They are suffering from delusions. In a situation like that, then that minimal standard of competency perhaps would not be met. And the district court could determine, A, hold a competency hearing. So your view is even under 601, basically that Crosby standard survives? No. I don't think the Crosby standard survives. Because Crosby suggested that if there's any red flag, that the district court is obligated to hold a competency hearing. And what this court has said post-Rule 601 is... But you're not saying that there's no obligation ever to hold a competency hearing? Absolutely not. So what I'm trying to figure out is in the government's view, what is the circumstance in which that obligation kicks in? I think it would be in a case like this, if the district court is obligated to hold a competency hearing. You had a witness who clearly went beyond merely being able to or unable to recall certain facts. A person who clearly was not even understanding the nature of the question. But when you say that, you're ignoring my hypothetical, which this case has some family resemblance to, which is we have both the face of the deposition answers and evidence about the mental state of the witness. Yes. So what I'm trying to figure out is when we have both of those things, it seems odd if the district court isn't supposed to account for the medical evidence in reading the transcript. Take your point, Judge Barron. And I would say that if you did have a case of that nature, when you had a treating physician who made statements of that sort... So what is the flaw in your view with the medical evidence that was put forward? What fails to rise to the level where you would agree there is an obligation to do the competency inquiry? Because the medical evidence that was put forward in this case was as of September 2001. And what the doctor was explaining was why Mr. Kerr would not have been able to sit for a deposition at that time. And what the doctor said was that his mental faculties had diminished since June 2021. And that he currently would not be able to sit for a deposition. That's not a situation in which the doctor was representing to the judge that Mr. Kerr at the time of the deposition on June 24th was unable to answer relevant information. Let me ask you this way. If the district court, based on the medical evidence that was before it, had determined that there was a real concern about competency, and then had gone to the next stage, would that have been error? Had determined? In other words, had not held a competency? Had held a competency. Would that have been error? No, certainly. Why wouldn't we vacate and remand so the district court can explain to us what its view of the medical evidence was? Because it doesn't reference it, does it? It doesn't. So if on your account, the exercise of discretion would be appropriate in this case if it had gone to the competency hearing. Because there was medical evidence here that might have been enough to trigger it. And yet the district court simply ignored that evidence. Or at least from the face of the record, we can't tell whether it engaged with it. Why wouldn't we vacate just to give the district court a chance to explain what it makes of that evidence? Well, I think in that case, it would turn what Rule 601 presumes on its head. Because then if there was any suggestion of incompetency at any point, a district court would A, be obligated to hold a competency hearing. That's not what this court said in Devon. Or address it. Well, the court implicitly did. Well, that's I guess the question. If you're saying it implicitly did, I would just wonder where is the indication that it actually did that rather than it may have been under the misimpression that it didn't need to address it. Well, because when the government moved in Lemonade to admit Mr. Kerr's deposition, in its opposition, the defense raised as one of three issues in response this question. And the district court determined at the pretrial conference that it would admit that testimony. And said that, you know, this is what we understood all along when we allowed Mr. Kerr's deposition to be taken. I would point out it wasn't in fact the lead argument that the defense made in opposing that motion for admission. But in admitting it, the district court had in front of it the very argument that my friend is making here. And yet determined to admit his testimony. So in those circumstances, I think from the record, this could be the case. The district court could easily find and necessarily the court considered and rejected that argument that a competency hearing would be necessary prior to the admission of that testimony. Let me ask you a question. The deposition, you said of course there's a transcript. Was there a video of that deposition that's in the record below or there's no video? There is a video. It's part of the record below. It is part of the record below, yes. And I would note on that deposition, the government did, as it had promised to do, take a very short and focused deposition. Government's direct examination only lasted 10 pages of the deposition transcript. The defense cross last 40 pages thereafter, which is an important starting point courts have looked to as to whether there's been an adequate opportunity for cross-examination. And there's nothing that's been pointed to. Remember, the time frame here is the deposition was taken on June 24th. In the motion for reconsideration, they were asking for June 30th. There's nothing concrete that's been pointed to that the defendant has said, we would have been able to find this had we gotten those six more days. On the competency point, just so I'm understanding, is the rule you're asking us to adopt, in effect, if the record before the judge does not compel holding the competency hearing, then any denial of it is implicit when there's medical evidence that would support a competency hearing but not compel it. Any denial of the request is implicitly an exercise of the discretion? Yes. And my only quibble would be, we don't view the medical evidence that was in front of the district court when it ruled on the admission of Mr. Kerr's deposition to be inconsistent with the idea that he was competent to provide relevant information when that deposition was taken. Well, isn't it true that the court denied them access to his medical records, which would have been relevant at the time of the deposition? Judge, I don't recall that answer. I'd be happy to provide a letter with that information, but I don't recall the answer to that question standing here today. My recollection is that the court did, but the importance of that to me is that they had a timeframe from the June decline through the September date, but if they couldn't access any medical records prior to that to make an assessment as to whether he was in decline any earlier, an issue which would have gone to his competency, it seems like a double whammy for them. I don't want to, because I don't recall that, but I will say that that was not a ground, if I recall correctly, that was not a ground that the defense pressed in arguing against the admission of his testimony, so it wasn't an argument in front of the district court. Let me ask you just one follow-up to the question I asked about the video. Did the judge, when he made the determination, did he reference the video in any way, say, like, I've read the transcript, but I've also looked at the video, and this is my competency determination, or he didn't? He did not, but the government did attach the deposition transcript in, I think it was one of the papers it filed in connection with the motion to admit his deposition testimony at trial, so the deposition transcript was in front of the district court when it made its ruling. And that was played at trial, part of the video, right? Yes. Thank you. Thank you. Thank you. Thank you, counsel. At this time, would counsel for the appellant please reintroduce herself on the record? She has a two-minute rebuttal. I want to address, Judge Thompson, your question about the medical records. Defense counsel did request below for the medical records in connection with the request for a competency hearing, because that is extremely important information to determine whether or not a person has a medical record. And I think counsel for the government might be slicing, or not might be, slicing it a bit too thin when counsel refers to the June deposition, and the affidavit that says care was in a cognitive decline since that date. The deposition was held late June, it was June 24th, and again, the doctor was his doctor as of June 24th. And then when you couple that with the testimony that we heard at trial, even though that wasn't before the trial court at the time it ruled on the request for a competency hearing, there was information there that showed that care was having cognitive issues. And those needed to be investigated before his deposition for a very important witness was admitted. Can I go back to the records request? The government suggested that even if there had been a record request, which you're saying there was, and that that request was denied, the ground for excluding the testimony of the witness that was raised below did not rest on the denial of the access to the records. Is that right? I think they're intertwined. If I look at the record, am I going to see that the request, that the motion to exclude was based not simply on the evaluation of what was before the district court, but also on the fact that the request for the additional records had been denied? Yes, they're in the same motion. And I would like to add that for the remainder of the arguments in our brief, particularly with the admissibility of Brown's testimony, rebuttal testimony, we rest in our briefs. Thank you. Thank you, counsel. That concludes argument in this case.